UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SEAN CHUNG,

              Plaintiff,

       -against-

REBECCA WELLS and
MATTHEW SROKA,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**   9:25-CV-315  DNH/PJE

Plaintiff Demands a
Trial by Jury

      Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

      1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

      2. That at all times herein mentioned, Plaintiff was an incarcerated individual in the care, custody, and control of the New York State Department of Corrections and Community Supervision (DOCCS).

      3. That at all times herein mentioned, Plaintiff was housed at Marcy Correctional Facility (Marcy), in Marcy, NY.

      4. That at all times herein mentioned, Defendant Rebecca Wells was a correction sergeant employed by DOCCS at Marcy.

      5. That at all times herein mentioned, Wells was acting within the course and scope of her employment as a DOCCS correction sergeant.

      6. That at all times herein mentioned, Wells was acting under color of state law.

7. That at all times herein mentioned, Defendant Matthew Sroka (Sroka) was a correction officer employed by DOCCS at Marcy.

8. That at all times herein mentioned, Sroka was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Sroka was acting under color of state law.

10. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

11. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

12. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

13. That on May 14, 2023, Plaintiff was involved in a physical altercation with another incarcerated individual at Marcy.

14. That as a consequence of the physical altercation, Plaintiff was subjected to a discharge of chemical spray by a Marcy correction officer.

15. That following his exposure to the chemical spray, Plaintiff was taken to the infirmary at Marcy, where he encountered Wells and Sroka.

16. That Plaintiff had had prior acrimonious encounters with Wells.

17. That upon Plaintiff's arrival at the infirmary, Wells verbalized her hostility toward Plaintiff with respect to their prior encounters.

18. That upon Plaintiff's arrival at the infirmary, Wells interrogated Plaintiff regarding the details of his physical altercation with the other incarcerated individual.

19. That when Wells did not receive what she deemed satisfactory answers from Plaintiff to her questions, Wells physically assaulted Plaintiff while he was in physical restraints.

20. That Wells' assault on Plaintiff included, but was not limited to, punching Plaintiff in the face, head, back, and ribs.

21. That at some point during her interrogation of Plaintiff, Wells learned that Plaintiff had sustained prior injuries to his right ankle and to his right hand.

22. That upon learning of these prior injuries, Wells directed Sroka to stomp on Plaintiff's right ankle and forcibly bend the fingers of Plaintiff's right hand.

23. That in compliance with Wells' directive, Sroka stomped on Plaintiff's right ankle and forcibly bent the fingers of Plaintiff's right hand, thereby causing additional injuries to Plaintiff's right ankle and right hand, and an exacerbation of the pre-existing injuries to Plaintiff's right ankle and right hand.

24. That Wells' and Sroka's actions were intentional, sadistic, and malicious in nature, and were undertaken for the purpose of causing injury and pain to Plaintiff.

25. That Wells' and Sroka's actions were not undertaken in a good-faith or reasonable attempt to maintain or restore order or discipline in the facility.

26. That as a result of the actions of Wells and Sroka, Plaintiff endured and will continue to endure significant pain, suffering, and physical disabilities and deformities, as well as loss of enjoyment of life, and has incurred and will continue to incur healthcare expenses and other economic loss.

27. That Wells and Sroka observed the illegal and unconstitutional actions of each other, had reasonable opportunities to intervene to prevent and or stop those actions, but intentionally and deliberately failed and refused to do so.

## FIRST CAUSE OF ACTION
**(42 USC § 1983: Eighth Amendment)**

28. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

29. That the aforementioned acts by Wells and Sroka were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

30. That as a result thereof, Plaintiff is entitled to recover damages from Wells and Sroka pursuant to 42 USC § 1983.

WHEREFORE, Plaintiff seeks judgment on the aforementioned cause of action against Defendants for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendants pursuant to 42 USC § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
          March 11, 2025

Yours, etc.
Sivin, Miller & Roche LLP

By s/ *David Roche*
David Roche
Bar Roll No. 702058
Attorneys for Plaintiff
20 Vesey St., Suite 1400
New York, NY  10007
(212) 349-0300
